**Affirmed and Memorandum Opinion filed February 28, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00338-CR

---

**MALCOLM LANIER GUIDRY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1303140**

---

## M E M O R A N D U M   O P I N I O N

Appellant Malcolm Lanier Guidry appeals his conviction for the offense of possession of between four and 200 grams of cocaine. The court assessed punishment at confinement for 30 years. In a single issue appellant contends the evidence is insufficient to support the jury's verdict. We affirm.

On the date of the offense and in response to neighborhood complaints about drug use in the area, Officer Ronathan Persaud was patrolling the Pine Village

North subdivision in Harris County. As Officer Persaud drove down a driveway, he saw appellant walk out of the garage for the townhome located at 5727 East Hampton Drive #A and enter a vehicle. Appellant lowered the garage door using the remote garage door opener in the vehicle and backed out of the driveway. As he passed appellant in the vehicle, Officer Persaud smelled a strong odor of marijuana coming from the open window of appellant's vehicle. Officer Persaud pursued appellant, but lost him during the pursuit. Officer Persaud requested help from his partner, and they subsequently found the vehicle idling and observed appellant running down one of the main streets in the area. Officer Persaud and his partner eventually detained appellant near the subdivision and returned him to his vehicle.

Officer Persaud searched appellant's vehicle and found a cigar box on the center console. The box contained a hydroponic marijuana leaf. Officer Persaud testified, in his experience, hydroponic marijuana gives off a strong, distinct odor. Officer Persaud also found a handwritten ledger in the vehicle, which appeared to document the expenses associated with an indoor marijuana growing enterprise. The ledger listed monthly expenses of $2500 for electricity, $2000 for chemicals, $1500 for rent, and $350 for water. There was also an entry for "babysitting," which Officer Persaud testified in his experience is a term used to describe care-taking of the hydroponic operation. These costs were combined and deducted from a total of $168,000. The net of $141,075 was then divided four ways.

When appellant informed Officer Persaud that he lived in the Pine Village North subdivision, the officers asked appellant to take him to appellant's residence. Appellant agreed to do so and directed the officers to a vacant house located at 5723 East Hampton Drive #C. Officer Persaud informed appellant that he knew appellant had recently exited from a different residence, and requested consent to

2

search the residence from which appellant had earlier exited.

After appellant declined consent to search the townhome he had recently exited, Officer Persaud called a K-9 unit, which confirmed Officer Persaud's suspicion that drugs were in the townhome. Based on that information, Officer Persaud obtained a search warrant. While Officer Persaud obtained the search warrant other officers secured the townhome so that no one was permitted to enter the residence. After obtaining a search warrant, Officer Persaud used the garage door opener in appellant's vehicle to open the garage door for 5727 East Hampton Drive #A.

When Officer Persaud entered the kitchen of the townhome, he found a vacuum-sealed bag of hydroponic marijuana on the counter. Officer Persaud also found a bag of cocaine, digital scales, beakers, and packaging material. He testified that these items are commonly used to produce and distribute narcotics. Most of these items were in plain view on the kitchen counter. Officer Persaud found a revolver in a kitchen drawer, as well as an assault rifle and a shotgun in the living room.

In searching the bedrooms, one of them appeared as though someone lived in it, while the second bedroom was equipped with items used to grow marijuana indoors including artificial sunlight lamps, ventilation equipment, and fertilizer. Officer Persaud found appellant's social security card and an envelope bearing appellant's name in the closet of the occupied room. He also found another weapon in the bedroom closet. The occupied bedroom contained a couch, which had an armrest with a storage compartment. Inside the storage compartment was a substantial sum of cash.

Officer Persaud found a credit card application addressed to appellant in the residence. It contained an address other than 5727 East Hampton Drive #A.

3

Officer Persaud also found two dismissal orders from a municipal court in which appellant was the named defendant. Appellant was arrested and charged with possession of cocaine.

After the State rested, appellant introduced a contract into evidence. The contract purports to be for the sale of real property by Daniel Ortega to Ronnie Nourse. The contract has a blank for the property address, but does not list a specific address. Appellant admitted the contract into evidence without objection and claimed the document was found in the house.

In a single issue, appellant challenges the sufficiency of the evidence to support his conviction. Specifically, appellant challenges the State's proof that appellant exercised care, control, or management of the premises where the drugs were found, and that the evidence fails to link him to the cocaine found in the townhome. Appellant argues he was not seen inside the residence, but was only seen leaving the garage. Appellant argues the only items found inside the home that would tend to connect him with the residence were his social security card, one piece of mail, and some traffic ticket dismissal forms. Appellant further argues the contract admitted into evidence is proof that the townhome was sold to another individual.

An individual commits an offense if he knowingly or intentionally possesses a controlled substance. *See* Tex. Health & Safety Code Ann. §§ 481.102, 481.115. When an accused is charged with unlawful possession of a controlled substance, the State must prove (1) the defendant exercised "actual care, custody, control, or management" over the contraband; and (2) the accused knew the object he possessed was contraband. *See Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005).

The law does not require exclusive possession of the controlled substance.

4

*Poindexter*, 153 S.W.3d at 412. Evidence that links an accused to the substance is proof that he possessed it knowingly. *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). Affirmative links may be shown by direct or circumstantial evidence, but in either case the evidence must establish the requisite level of confidence that the accused's connection with the drug was more than just fortuitous. *Poindexter*, 153 S.W.3d at 405–06.

"Mere presence at the location where drugs are found is thus insufficient, by itself, to establish actual care, custody, or control of those drugs." *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006). Presence or proximity, when combined with other evidence or "links," may be sufficient to establish that element beyond a reasonable doubt. *Id*. It is not the number of links that is dispositive, but rather the logical force of all of the evidence. *Id*. The following non-exclusive links have been recognized as sufficient, either singly or in combination, to establish a person's connection to contraband:

> (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt.

*Id*. at 162 n. 12; *see Olivarez v. State*, 171 S.W.3d 283, 291 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

5

In this case, the evidence is sufficient to show that appellant exercised care, custody, and control over the townhome, and is sufficient to link him to the cocaine found in the townhome. The record reflects that (1) appellant was first seen leaving the garage attached to the townhome where the cocaine was found; (2) appellant had a right to possess the townhome, which was confirmed by his control of the garage door, his being the only individual present during the search, evidence that only one bedroom was being used for living quarters, and municipal court dismissal forms and a social security card printed with appellant's name found in the townhome; (3) appellant did not immediately respond truthfully to the officer's question as to his residence; (4) hydroponic marijuana found in the house was similar to the type found in appellant's vehicle; (5) a ledger was found in appellant's vehicle, which contained handwritten entries documenting an indoor marijuana growing enterprise; (6) a room containing equipment used for growing marijuana was found in the second bedroom in the townhome; (7) appellant's conduct indicated a consciousness of guilt by attempting to flee and giving a false address; (8) bags containing cocaine were found on the kitchen counter in proximity to the same type of marijuana discovered in appellant's vehicle; and (9) a large amount of cash relating to narcotics transactions was found.

The contract that appellant introduced appears to be for the sale of real property. The contract was found in the townhome, but does not include an address. Even if the contract were considered as evidence that the townhome belonged to another individual, there is evidence that appellant was the sole resident of the home.

Viewing all the evidence in the light most favorable to the jury's verdict, the jury could have found beyond a reasonable doubt that appellant exercised "actual care, custody, or control" of the cocaine. *See Evans*, 202 S.W.3d at 166.

6

Appellant's sole issue is overruled and the judgment of the trial court is affirmed.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).